**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 26, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: October 26, 2007**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-10339 |
| | ) | |
| TIMOTHY E. IVY, and | ) | Chapter 7 |
| SHAFURN L. IVY, | ) | |
|    Debtors. | ) | Judge Arthur I. Harris |
| | ) | |
| RICHARD A. BAUMGART, | ) | Adversary Proceeding No. 07-1239 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHAFURN L. IVY, | ) | |
|    Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On June 6, 2007, the plaintiff Chapter 7 trustee filed an adversary complaint against the debtor-defendant Shafurn L. Ivy, to deny the debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(a). On August 7, 2007, the defendant filed an answer to the complaint (Docket #14), and on September 5, 2007, the plaintiff filed

---

[1] This opinion is not intended for official publication.

a motion for summary judgment (Docket #19). The defendant did not file a response. For the reasons that follow, the plaintiff's motion for summary judgment is granted.

## FACTS

On January 19, 2007, the debtor and her husband filed a joint petition under Chapter 7 of the Bankruptcy Code. On April 27, 2007, the Court ordered the defendant to turn over $2,594.00, to the trustee. (Case No. 07-10339, Docket #42). According to the trustee's affidavit accompanying his motion for summary judgment and according to the debtor's answer, the debtor-defendant has failed to comply with that order.

## DISCUSSION

The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on

> file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

The plaintiff requests that the Court deny the defendant a discharge pursuant to 11 U.S.C. § 727(a)(6)(A). Section 727 provides:

(a) The Court shall grant the debtor a discharge, unless –
. . . .
(6) the debtor has refused, in the case –
(A) to obey any lawful order of the court . . . .

*See, e.g., In re Watson,* 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000) (revoking discharge for debtor to failed to turn over nonexempt portion of tax refund).

Given the evidence adduced from the parties' pleadings and the affidavit accompanying the plaintiff's motion for summary judgment, the plaintiff has shown that the defendant violated a lawful order of the Court to turn over $2,594.00 to the trustee. The defendant has failed to respond to the motion for summary judgment or to produce any evidence admissible under Federal Rule of Civil Procedure 56(e) to show the existence of a material fact.

Viewing the evidence before it in a light most favorable to the defendant, the Court finds there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, the trustee's motion for summary judgment is granted. A separate judgment shall be entered in accordance with this Memorandum of Opinion.

IT IS SO ORDERED.